```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GERALD W. CORDER,**

      **Plaintiff,**

**v.**                                                 **CIVIL ACTION NO. 1:18CV30**
                                                                 **(Judge Keeley)**

**ANTERO RESOURCES CORPORATION,**
                                                **c/w 1:18CV31, 1:18CV32,**
      **Defendant.**                        **1:18CV33, 1:18CV34, 1:18CV35,**
                                                **1:18CV36, 1:18CV37, 1:18CV38,**
                                                **1:18CV39, and 1:18CV40**
                                                **for purposes of discovery**

## ORDER CONSOLIDATING CASES FOR ALL PURPOSES

On June 13, 2018, the Court consolidated these actions through the conclusion of discovery (Dkt. No. 32). For good cause, it now consolidates them for all purposes.

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions for "all matters" if they "involve a common question of law or fact." In exercising its discretion to consolidate actions, district courts must consider:

> whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Arnold v. E. Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982).

Here, these factors weigh in favor of consolidating these cases for all purposes, including trial. Establishing all factual issues in one trial and eliciting witness testimony one time for

**CORDER V. ANTERO**                                                    **1:18CV30**

**ORDER CONSOLIDATING CASES FOR ALL PURPOSES**

common factual questions will eliminate the risk of inconsistent adjudications based on inconsistent facts. Moreover, all of the breach of contract actions arise from the same oil and gas lease language, so a joint trial will not confuse the issues. Furthermore, consolidation will promote judicial economy, lessen the financial burden, and avoid the wasted time accompanying duplicative efforts to try the same or substantially similar sets of facts.

Therefore, pursuant to Federal Rule of Civil Procedure 42(a), the Court **CONSOLIDATES** civil action numbers 1:18-CV-30, 1:18-CV-31, 1:18-CV-32, 1:18-CV-33, 1:18-CV-34, 1:18-CV-35, 1:18-CV-36, 1:18-CV-37, 1:18-CV-38, 1:18-CV-39, and 1:18-CV-40 for all purposes. Civil Action No. 1:18-CV-30 will serve as the lead case.

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Order to counsel of record.

DATED: April 9, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE